[Civ. No. 5154. First Appellate District, Division One.—March 20, 1925.]

JOSEPH GAIDOS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—CAUSE OF AILMENT—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In a proceeding before the Industrial Accident Commission to recover compensation for certain injuries to the applicant's back alleged to have been sustained in the course of his employment, where the evidence as to the cause and nature of the applicant's ailment, as well as to when, if at all, he reported to his employer that he received an injury, is conflicting, the findings of the Commission adverse to the applicant cannot be inquired into upon *certiorari*.

(1) Workmen's Compensation Acts, C. J., p. 123, n. 41.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

E. E. Keyes and T. L. Christianson for Petitioner.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission refusing compensation to an applicant for certain injuries to his back alleged to have been sustained in the course of his employment.

[1] It appears from the petition that Joseph Gaidos was on the first day of April, 1924, the date of the injury complained of an employee of the Western Brass Manufacturing Company, a corporation, one of the respondents herein, and that the Associated Industries Insurance Corporation was its insurance carrier. Petitioner filed in the office of the Industrial Accident Commission a claim against these companies for benefits under the Workmen's Compensation Act (Stats. 1913, p. 279). Respondents answered denying all liability and also traversing all the allegations except that the applicant was an employee of the company above named and that the Associated Industries Insurance Corporation was the insurance carrier for that company. The application came on for hearing before the Commission, and evidence was taken by the referee appointed by it. On the eleventh day of December, 1924, findings and award in favor of respondents and against petitioner were filed, the Commission concluding that the applicant had failed to prove his case.

At the hearing he testified that on the afternoon when the alleged injury occurred he was assisting another workman to move a barrel filled with brass scraps and weighing from three hundred to four hundred pounds, and while doing so he felt a pain in his back; that he mentioned the matter to a fellow-employee, and thereafter went home and had been disabled ever since. There is a serious conflict in the evidence as to when he first complained of his back condition being caused by an injury. His own testimony on the subject is contradictory. It appears therefrom that he never

attributed his condition to the alleged injury when first questioned by his attending physician, Dr. Scudder, who was called in immediately to care for the applicant. There is also a conflict in the evidence as to when the latter reported to his employer and others that he had received an injury. He first claimed that he told a fellow-employee, who was assisting him in his work, that he had injured his back, while further on in his testimony he admits that he may not have done so. This employee testified that the applicant had complained of a pain in his back on the morning of the day of the injury but prior to the time of its occurrence. The superintendent of the company testified that no complaint was made to him concerning the matter, but that some time later in the month of April the applicant brought a doctor's certificate to him which indicated that he was run down and would have to take a rest on account of his back, but no claim at this time was made that the condition was due to any injury. There is also testimony in the record to show that petitioner had suffered two prior injuries, in one of which his back had been hurt and that an insurance company had paid for the services of physicians who attended him at that time. His wife gave testimony to the fact that he suffered from lumbago about eight years prior to the alleged injury.

The medical expert testimony is also conflicting as to the cause and nature of petitioner's ailment. The attending physician testified that he considered it a case of lumbago until informed, some weeks later, of the alleged injury. Other medical testimony was to the effect that petitioner's condition was due to arthritis, which is not caused by an injury, though it may be aggravated by it. X-rays of petitioner's spine were in evidence and they showed a congenital enlargement of the articulating facets of the fifth lumbar vertebra with the sacrum. From the medical testimony as a whole it is uncertain whether the back condition complained of was due to lumbago, injury, arthritis, or congenital defect. The case presents the situation where the findings of the Commission are based upon conflicting evidence, and this being so, they cannot be inquired into upon *certiorari.* A petition for a rehearing based upon a medical report was denied by the Commission. There is nothing therein contained which

would warrant a reopening of the case, and it was therefore properly refused.

The award is affirmed.

Knight J., and Cashin, J., concurred.